FILED
JAN 17 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CORWIN TELTSCHIK, | }  |
| Plaintiff, | } Case: 1:08-cv-00089 |
| v. | } Assigned To : Kennedy, Henry H. |
| | } Assign. Date : 1/17/2008 |
| WILLAMS & JENSEN, PLLC, *et al*, | } Description: PI/Malpractice |
| Defendants. | } |

## ORDER TRANSFERRING CASE TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

This case arises out of Plaintiff's involvement with the Americans for a Republican Majority Political Action Committee ("ARMPAC"). Now before the court is the Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim of Defendants Williams & Jensen, P.L.L.C., Barbara Wixon Bonfiglio, Meredith G. Kelley, Robert J. Martinez, and John Doe Defendants 1-10 (collectively, "Defendants") (Doc. 10). For the reasons set forth below, this case is **TRANSFERRED** to the U.S. District Court for the District of Columbia.

**I. Background**

The court recited the detailed facts of this case in its Order Granting Motion to Dismiss on November 30, 2007 (Doc. 23) and will not repeat those details here. The essential facts are as follows.

Plaintiff Corwin Teltschik ("Plaintiff") became the treasurer of ARMPAC in 1995. He understood that Williams & Jensen ("W&J"), a Washington, D.C., law firm, would actually handle the financial affairs of ARMPAC and the required filings with the Federal

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk
By_____ Deputy Clerk

Election Commission ("FEC"). Plaintiff and Defendants appear to agree that W&J did handle these matters with little, if any, involvement of Plaintiff.

Plaintiff alleges that W&J never informed him that the FEC sent correspondence to him at W&J's address, in particular correspondence related to a complaint alleging that ARMPAC had violated federal election laws. Defendant Barbara Wixon Bonfiglio was a lawyer at W&J and was the assistant treasurer of ARMPAC. Plaintiff alleges that in September 2005, Bonfiglio told him that a complaint had been filed with the FEC, but not that the complaint named him personally.

Plaintiff alleges that W&J represented him in the FEC's investigation of the complaint without his knowledge, submitted documents to the FEC with his electronic signature without his authorization, and signed a Conciliation Agreement that included him (in his official capacity as Treasurer of ARMPAC) as a party. Defendant Meredith G. Kelley, a lawyer at W&J, signed the Conciliation Agreement for the "Respondents," which are defined as ARMPAC and Corwin Telstchik in his official capacity as Treasurer. Plaintiff alleges that Defendant Robert J. Martinez hired Donald McGahn to represent ARMPAC and Plaintiff without Plaintiff's knowledge. Plaintiff also alleges that W&J, Bonfiglio, Kelley, and Martinez conducted financial transactions for ARMPAC without his knowledge, and these are the transactions criticized by the FEC.

Defendant W&J is a Washington, D.C. law firm without an office in Texas. All of the individual Defendants live and work in the Washington, D.C. area. Defendants argue that they are not subject to the jurisdiction of this court, that venue is not proper, and that Plaintiff has failed to state a claim upon which relief can be granted.

## II. Personal Jurisdiction

Typically, a court must first decide a motion to dismiss for lack of personal jurisdiction before considering other motions. However, a court may transfer a case pursuant to 28 U.S.C. § 1406(a) even if it does not have personal jurisdiction over the defendants. *See Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1107 (5th Cir. 1981); *Dubin v. United States*, 380 F.2d 813, 814-15 (5th Cir. 1967). As explained below, this court is transferring this case pursuant to Section 1406(a), and therefore it is not necessary to consider Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. In addition, because a decision on whether this court has jurisdiction over Defendants is intertwined with a decision on the merits of Plaintiff's claims, this court finds it more appropriate to refrain from any decisions that might interfere with the work of the transferee court.

## III. Improper Venue

28 U.S.C. § 1391 (a) provides that a diversity action may be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Here, not all Defendants reside in the same state. W&J is a resident of the District of Columbia. Bonfiglio is a resident of Maryland. Martinez and Kelley are residents of Virginia. (Compl. 2-3.) The first venue provision does not apply.

Defendants claim that the events or omissions giving rise to the claim occurred in Washington, D.C. Plaintiff claims that Defendants acted intentionally to prevent the FEC from communicating with Plaintiff in Texas and that Defendants intentionally and negligently failed to communicate with Plaintiff in Texas. However, the Defendants were in Washington, D.C.

when they omitted to take these steps. Also, Washington is where Defendants allegedly represented Plaintiff before the FEC; where Defendant Kelley signed the Conciliation Agreement; where Defendants made the allegedly problematic filings with the FEC on behalf of ARMPAC; and where Defendants generally carried on the business of ARMPAC.

The "substantial part of the events and omissions giving rise to the claim" occurred in the District of Columbia. Also, because all defendants live or work in the District of Columbia, the U.S. District Court for the District of Columbia has personal jurisdiction over them. Therefore, venue is proper there pursuant to the second venue provision.

Although some events or omissions giving rise to Plaintiff's claims may have occurred in this District, the "substantial part" of them did not. Therefore, venue is not proper in this District pursuant to the second venue provision. Because this suit could have been brought in the District of Columbia, venue is not proper in this court under the third venue provision, which only applies "if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3).

28 U.S.C. § 1406(a) allows a district court to dismiss a case that is filed in the wrong venue, or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In this case, in addition to the fact that the District of Columbia is the proper venue, the court believes that it may not have personal jurisdiction over all of the Defendants with respect to each of Plaintiff's claims. It is in the interests of judicial efficiency to try all related claims in a single proceeding in a court that clearly has jurisdiction over all parties and all claims. *See Glazier Group, Inc. v. Mandalay Corp.*, No. H-06-2752, 2007 WL 2021762, at *14 (S.D. Tex. July 11, 2007) (noting preference for venue where personal jurisdiction is clear). The majority of the records concerning this case are also likely to be in

Washington, D.C., where W&J has its office and where the FEC is located. Although Plaintiff names members of the DeLay family as likely witnesses, other W&J attorneys and FEC employees, all located in Washington, are also likely witnesses. For these reasons, the court finds that it is in the interest of justice to transfer this case to the U.S. District Court for the District of Columbia.

**IV. Conclusion**

For the reasons stated above, this case is **TRANSFERRED** to the U.S. District Court for the District of Columbia. The court leaves a decision on Defendants' Motion to Dismiss (Doc. 6) to the transferee court.

SIGNED at Houston, Texas, this 7th day of January, 2008.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

08-89
HHK

## I (a) PLAINTIFFS
Corwin Teltschik

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ~~88888~~
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS
Williams + Jensen, et al

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00089
Assigned To : Kennedy, Henry H.
Assign. Date : 1/17/2008
Description: PI/Malpractice

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**☒ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☐ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ■ 5 Transferred from another district (specify) USDC SDT (GALVESTON)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1332

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND: ■ YES    ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES    ■ NO    If yes, please complete related case form.

DATE 1/17/08    SIGNATURE OF ATTORNEY OF RECORD NCO

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

DC CM/ECF LIVE- US District Court-Texas Southern - Docket Report   https://ecf.txsd.uscourts.gov/cgi-bin/DktRpt.pl?464701851470335-...

Case 1:08-cv-00089-HHK   Document 1-3   Filed 01/17/2008   Page 1 of 6

CLOSED, TRANSFERRED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Galveston)
### CIVIL DOCKET FOR CASE #: 3:07-cv-00409

Teltschik v. Willams & Jensen, PLLC et al DO NOT DOCKET, CASE TRANSERRED
Assigned to: Judge Melinda Harmon
Demand: $75,001,000
Cause: 28:1332 Diversity-Breach of Fiduciary Duty

Date Filed: 08/06/2007
Date Terminated: 01/07/2008
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Corwin Teltschik**      represented by    **Reginald E McKamie, Sr**
Attorney at Law
1210 Antoine Dr
Ste 100
Houston, TX 77055
713-263-9252
Fax: 713-263-9256
Email: mckamie@mckamie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Thomas Bradt**
Attorney At Law
5151 San Felipe
Suite 1950
Houston, TX 77056
713-681-2696
Fax: 713-978-6434
Email: ltbradt@flash.net
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Willams & Jensen, PLLC**      represented by    **William Scott Helfand**
Chamberlain Hrdlicka
1200 Smith
Ste 1400
Houston, TX 77002-4401
713-654-9630
Fax: 713-658-2553 fax
Email: bill.helfand@chamberlainlaw.com

> *LEAD ATTORNEY*
> *ATTORNEY TO BE NOTICED*
>
> **Charles T Jeremiah**
> Chamberlain Hrdlicka et al
> 1200 Smith St
> Ste 1400
> Houston, TX 77002
> 713-654-9630
> Fax: 713-658-2553
> Email: charles.jeremiah@chamberlainlaw.com
> *ATTORNEY TO BE NOTICED*

**Defendant**

**Williams & Jensen, P.C.**            represented by **William Scott Helfand**
> (See above for address)
> *LEAD ATTORNEY*
> *ATTORNEY TO BE NOTICED*
>
> **Charles T Jeremiah**
> (See above for address)
> *ATTORNEY TO BE NOTICED*

**Defendant**

**Barbara Wixon Bonfiglio**            represented by **William Scott Helfand**
> (See above for address)
> *LEAD ATTORNEY*
> *ATTORNEY TO BE NOTICED*
>
> **Charles T Jeremiah**
> (See above for address)
> *ATTORNEY TO BE NOTICED*

**Defendant**

**Don F McGahn, II**            represented by **Joshua D Wolson**
*TERMINATED: 11/30/2007*
> Covington Burling
> 1201 Pennsylvania Ave NW
> Washington, DC 20004
> 202-662-6000
> Fax: 202-778-5263
> Email: jwolson@cov.com
> *LEAD ATTORNEY*
> *ATTORNEY TO BE NOTICED*
>
> **Robert K Kelner**
> Covington and Durling LLP

|  | 1201 Pennsylvania Ave NW |
|---|---|
|  | Washington, DC 20004 |
|  | Fax: 202-778-5503 |
|  | *LEAD ATTORNEY* |
|  | *ATTORNEY TO BE NOTICED* |
|  |  |
|  | **Scott Gast** |
|  | Covington & Burling LLP |
|  | 1201 Pennsylvania Avenue NW |
|  | Washington, DC 20004 |
|  | 202-778-5533 |
|  | Fax: 202-662-5533 |
|  | *LEAD ATTORNEY* |
|  | *ATTORNEY TO BE NOTICED* |

**Defendant**

| Robert J Martinez | represented by | **William Scott Helfand** |
|---|---|---|
|  |  | (See above for address) |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  |  |
|  |  | **Charles T Jeremiah** |
|  |  | (See above for address) |
|  |  | *ATTORNEY TO BE NOTICED* |

**Defendant**

| Meredith G Kelley | represented by | **William Scott Helfand** |
|---|---|---|
|  |  | (See above for address) |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  |  |
|  |  | **Charles T Jeremiah** |
|  |  | (See above for address) |
|  |  | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/06/2007 | 1 | COMPLAINT against all defendants (Filing fee $ 350 receipt number 2918903) filed by Corwin Teltschik.(McKamie, Reginald) (Entered: 08/06/2007) |
| 08/08/2007 | 2 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 11/9/2007 at 09:00 AM before Judge Samuel B Kent.( Signed by Judge Samuel B Kent ) Parties notified.(ceaton, ) (Entered: 08/08/2007) |

| | | |
|---|---|---|
| 08/08/2007 | 3 | ORDER re: computer codes printed on proposed orders.( Signed by Judge Samuel B Kent ) Parties notified.(ceaton, ) (Entered: 08/08/2007) |
| 08/09/2007 | 4 | CERTIFICATE OF INTERESTED PARTIES by Plaintiff, filed.(Bradt, Leonard) (Entered: 08/09/2007) |
| 10/02/2007 | 5 | WAIVER OF SERVICE Returned Executed as to Don F McGahn, II served on 8/6/2007, answer due 10/5/2007, filed.(Bradt, Leonard) (Entered: 10/02/2007) |
| 10/05/2007 | 6 | MOTION to Dismiss *For Lack of Personal Jurisdiction, Motion to Dismiss or Transfer Due To Improper Venue, and Motion to Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted* by Don F McGahn, II, filed. Motion Docket Date 10/25/2007. (Attachments: # 1 Proposed Order)(Wolson, Joshua) (Entered: 10/05/2007) |
| 10/05/2007 | 7 | MEMORANDUM in Support re: 6 MOTION to Dismiss *For Lack of Personal Jurisdiction, Motion to Dismiss or Transfer Due To Improper Venue, and Motion to Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted* by Don F McGahn, II, filed. (Attachments: # 1 Exhibit A -- FEC Policy Statement# 2 Exhibit B -- CREW Complaint# 3 Exhibit C -- Designation of Counsel# 4 Exhibit D -- First General Counsel's Report# 5 Exhibit E -- Conciliation Agreement# 6 Affidavit Declaration of Donald F. McGahn II)(Wolson, Joshua) (Entered: 10/05/2007) |
| 10/05/2007 | 8 | MOTION for Robert K. Kelner to Appear Pro Hac Vice by Don F McGahn, II, filed. Motion Docket Date 10/25/2007. (Wolson, Joshua) (Entered: 10/05/2007) |
| 10/05/2007 | 9 | MOTION for Scott Gast to Appear Pro Hac Vice by Don F McGahn, II, filed. Motion Docket Date 10/25/2007. (Wolson, Joshua) (Entered: 10/05/2007) |
| 10/05/2007 | 10 | MOTION to Dismiss *for Lack of Personal Jurisdiction, Improper Venue and Failure to State a Claim* by Willams & Jensen, PLLC, Williams & Jensen, P.C., Barbara Wixon Bonfiglio, Robert J Martinez, Meredith G Kelley, filed. Motion Docket Date 10/25/2007. (Attachments: # 1 Exhibit # 2 Proposed Order)(Helfand, William) (Entered: 10/05/2007) |
| 10/05/2007 | 11 | MEMORANDUM in Support of Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue and Failure to State a Claim Upon Which Relief May be Granted re: 10 MOTION to Dismiss *for Lack of Personal Jurisdiction, Improper Venue and Failure to State a Claim* by Willams & Jensen, PLLC, Williams & Jensen, P.C., Barbara Wixon Bonfiglio, Robert J Martinez, Meredith G Kelley, filed.(Helfand, William) (Entered: 10/05/2007) |
| 10/09/2007 | 12 | ORDER granting 9 Motion to Appear Pro Hac Vice for Scott Cast.( Signed by Judge John R Froeschner ) Parties notified.(ceaton, ) (Entered: 10/09/2007) |

| Date | # | Description |
|---|---|---|
| 10/09/2007 | 13 | ORDER granting 8 Motion to Appear Pro Hac Vice Robert K Kelner.( Signed by Judge John R Froeschner ) Parties notified.(ceaton, ) (Entered: 10/09/2007) |
| 10/16/2007 | 14 | CERTIFICATE OF INTERESTED PARTIES by Defendants Williams & Jensen, P.L.L.C., Williams & Jensen, P.C., Barbara Wixon Bonfiglio, Meredith G. Kelley, Robert J. Martinez and John Doe, filed.(Jeremiah, Charles) (Entered: 10/16/2007) |
| 10/25/2007 | 15 | RESPONSE in Opposition to 6 MOTION to Dismiss *For Lack of Personal Jurisdiction, Motion to Dismiss or Transfer Due To Improper Venue, and Motion to Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted*, filed by Corwin Teltschik. (Bradt, Leonard) (Entered: 10/25/2007) |
| 10/25/2007 | 16 | MEMORANDUM *IN SUPPORT OF RESPONSE* re: 6 MOTION to Dismiss *For Lack of Personal Jurisdiction, Motion to Dismiss or Transfer Due To Improper Venue, and Motion to Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted* by Corwin Teltschik, filed.(Bradt, Leonard) (Entered: 10/25/2007) |
| 10/25/2007 | 17 | RESPONSE in Opposition to 10 MOTION to Dismiss *for Lack of Personal Jurisdiction, Improper Venue and Failure to State a Claim*, filed by Corwin Teltschik. (Bradt, Leonard) (Entered: 10/25/2007) |
| 10/25/2007 | 18 | MEMORANDUM re: 17 Response in Opposition to Motion by Corwin Teltschik, filed.(Bradt, Leonard) (Entered: 10/25/2007) |
| 10/26/2007 | 19 | REPORT of Rule 26(f) Planning Meeting by Corwin Teltschik, filed.(Bradt, Leonard) (Entered: 10/26/2007) *won't print* |
| 10/26/2007 | 20 | NOTICE of Reassignment. Pursuant to General Order No. 2007-10, this case is reassigned to the docket of United States District Judge Melinda Harmon. Deadlines in scheduling orders remain in effect. All court settings are vacated. Judge Samuel B Kent no longer assigned to the case. Parties notified, filed. (dhays, ) (Entered: 10/26/2007) |
| 11/08/2007 |  | *** Case REFERRED TO U S Magistrate Judge John Froeschner for Scheduling Conference, filed. (htippen, ) (Entered: 11/08/2007) |
| 11/09/2007 | 21 | Minute Entry for proceedings held before Judge John R Froeschner. SCHEDULING CONFERENCE held on 11/9/2007. Appearances:Betsy Grubbs f/Pltf. No appearance by defense counsel.(Court Reporter: J. Byers). Docket Control Order to follow, filed.(sanderson, ) (Entered: 11/09/2007) |
| 11/14/2007 | 22 | SCHEDULING ORDER: Pltf Expert Report due by 5/2/2008 Deft Expert Report due by 6/6/2008 Discovery due by 8/1/2008 Dispositive Motion Filing due by 8/15/2008 Non-Dispositive Motion Filing due by 9/12/2008 Joint Pretrial Order due by 10/27/2008 Docket Call set for 11/7/2008 at 01:30 PM before Judge Melinda Harmon. Trial set to start 11/10/2008 before Judge Melinda Harmon.( Signed by Judge Melinda Harmon ) |

|  |  |  |
|---|---|---|
|  |  | Parties notified.(ypippin, ) (Entered: 11/14/2007) |
| 11/30/2007 | 23 | ORDER granting 6 Motion to Dismiss Without Prejudice.( Signed by Judge Melinda Harmon ) Parties notified.(ceaton, ) (Entered: 12/04/2007) |
| 11/30/2007 |  | *** Party Don F McGahn, II terminated. (htippen, ) (Entered: 12/04/2007) |
| 12/31/2007 | 24 | INITIAL DISCLOSURES by Corwin Teltschik, filed.(Bradt, Leonard) (Entered: 12/31/2007) |
| 01/03/2008 | 25 | REPLY to 17 Response in Opposition to Motion *to Dismiss for Lack of Personal Juridsiction, Improper Venue, and Failure to State a Claim*, filed by Willams & Jensen, PLLC, Williams & Jensen, P.C., Barbara Wixon Bonfiglio, Robert J Martinez, Meredith G Kelley. (Attachments: # 1 Case Law)(Jeremiah, Charles) (Entered: 01/03/2008) |
| 01/07/2008 | 26 | ORDER TO TRANSFER CASE to US District Court for the District of Columbia.( Signed by Judge Melinda Harmon ) Parties notified.(ceaton, ) (Entered: 01/07/2008) |
| 01/07/2008 | 27 | Interdistrict transfer to US District Court for the District of Columbia. Certified copy of transfer order,two copies of transfer letter (with a return envelope) sent by certified mail. Case terminated on 1/7/08, filed. (ceaton, )CRR#70070710000544720268 (Entered: 01/07/2008) |

|  |  |  |  |
|---|---|---|---|
| **PACER Service Center** | | | |
| **Transaction Receipt** | | | |
| 01/17/2008 06:24:19 | | | |
| **PACER Login:** | us3871 | **Client Code:** |  |
| **Description:** | Docket Report | **Search Criteria:** | 3:07-cv-00409 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**CORWIN TELTSCHIK,**
      Plaintiff(s),

      vs.

**WILLIAMS & JENSEN, PLLC et al**
      Defendant(s).

**Civil Case No.** 08-cv-00089-HHK

## NOTICE REGARDING EXHIBIT

Pursuant to the procedures for filing documents electronically, as outlined in the previous Order of the Court, this Notice serves as notification that the transfer documents in this case have been filed in paper form in a the Clerk's Office.  They are available for public viewing and copying between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday.

      **NANCY MAYER-WHITTINGTON**

      Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_Corwin Teltschik_

v.

_Williams + Jensen_

Civil Action No. **08 0089**

**JAN 17 2008**

The above entitled action, transferred from the U.S. District Court for the _Southern District of Texas (Galveston)_, has been received and filed. It was assigned to Judge _KENNEDY, JR. J. HHK_. Any subsequent pleadings filed must contain both our civil action number and the initials of the judge assigned this action.

To assist the Clerk's Office in properly recording all counsel of record and to ensure that each counsel entered is authorized to practice before this Court pursuant to Local Civil Rule 83.8, counsel for all parties must enter their appearance in accordance with our Local Civil Rule 83.6. Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
Deputy Clerk

cc: _Reginald E. McKamie, Sr._ *
 * _Leonard T. Bradt_
 _William S. Helfand_ *

*Denotes attorney not a member of the bar of the U.S. District Court for the District of Columbia