UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CORWIN TELTSCHIK

VS.                                                                                          C. A. NO. 08-0089 - HHK

WILLIAMS & JENSEN, ET AL.

**DEFENDANTS' BRIEF ON "CHOICE OF LAW" ISSUE**

TO THE UNITED STATES DISTRICT COURT:

 Defendants, Williams & Jensen, P.L.L.C., Williams & Jensen, P.C., (collectively "Williams & Jensen"), Barbara Wixon Bonfiglio ("Bonfiglio"), Meredith G. Kelley ("Kelley") and Robert J. Martinez ("Martinez"), file this advisory regarding their Motion to Dismiss:

1. The Court has requested the parties to brief the threshold issue of which state law should be applied to the Plaintiff's state law claims asserted in this case – the law of Texas or the law of the District of Columbia.

## "CHOICE OF LAW" DETERMINATION

2. "Because there is diversity of citizenship among the parties to this litigation, the law of the forum state supplies the choice of law standards." *YWCA of the National Capital Area v. Allstate Insurance Company of Canada*, 275 F.3d 1145, 1150 (D.C. Cir. 2002); see also, *Mastro v. Potomac Electric Power Co.*, 447 F.3d 843, 857 (D.C. Cir. 2006). In other words, the choice of law issue must be resolved by referencing the law of the District of Columbia.

3. "Under the conflicts law of the District of Columbia, the court must first determine if there is a conflict between the laws of the relevant jurisdictions." *Tri-State Hospital Supply Corporation v. United States of America*, 2007 WL 2007587 (D.D.C.), citing, *Eli Lilly & Co. v.*

*Home Ins. Co.*, 764 F.2d 876, 882 (D.C. Cir. 1985). "Only if such a conflict exists must the court then determine which jurisdiction has the 'more substantial interest' in the resolution of the issues." *Id*.

4.  "In determining which jurisdiction's law to apply, the District of Columbia has adopted the 'governmental interests' analysis, under which the court evaluates the governmental policies underlying the applicable laws and determine which jurisdiction's policy would be more advanced by the application of its laws to the facts of the case under review." *Tri-State Hospital Supply*, supra, citing, *District of Columbia v. Coleman*, 667 A.2d 811, 816 (D.C. 1995); see also, *YMCA v. Allstate*, 275 F.3d at 1150 ("more substantial interest" standard). "The court also considers the four factors enumerated in the Restatement (Second) of Conflict of Laws § 145:

    (a)    the place where the injury occurred;

    (b)    the place where the conduct causing the injury occurred;

    (c)    the domicile, residence, nationality, place of incorporation and place of business of the parties; and

    (d)    the place where the relationship is centered.

*Id*, citing, *Coleman*, 667 A.2d at 816; see also, *Jaffe v. Pallotta Teamworks*, 374 F.3d 1223, 1227 (D.C. Cir. 2004). "The forum 'where the defendant's conduct occurs has the dominant interest in regulating it and in determining whether it is tortious in character.'" *Tri-State Hospital Supply*, citing, *Biscoe v. Arlington County*, 738 F.2d 1352, 1361 (D.C. Cir. 1984).

### DISTRICT OF COLUMBIA LAW APPLIES TO THIS CASE

5.  As set forth in the Defendants Memorandum of Law in Support of their 12(b)(6) Motion to Dismiss for Failure to State a Claim, and related Reply, Washington, D.C. law are not in conflict on the state law claims asserted by the Plaintiff rendering it unnecessary for the Court to engage in the "more substantial interest" analysis.

6.  If the Court applied the "more substantial interest" analysis, there can be no question that the District of Columbia, rather than Texas, has the greater interest in adjudicating this matter. Plaintiff's purported claim arises out of the inclusion of his name as Treasurer of ARMPAC (in his official capacity) in a Reconciliation Agreement reached in a proceeding before the Federal Election Commission in Washington, D.C.  Plaintiff's claims relate to alleged acts or omissions in the District of Columbia, by attorneys licensed and practicing in the District of Columbia.  The Plaintiff's fortuitous residence in Texas does not confer an interest by Texas in this matter.  The District of Columbia has the dominant interest in regulating conduct by its attorneys within its borders, and determining whether such conduct is tortious.  Thus, the substantive law of the District of Columbia applies the Plaintiff's claims in the instant case.  See, *Biscoe v. Arlington County*, 738 F.2d 1352, 1361 (D.C. Cir. 1984).

7.  Apparently, the parties agree that District of Columbia law applies.

                        Respectfully Submitted

                        /s/Charles T. Jeremiah
                        WILLIAM S. HELFAND
                        Attorney-in-charge
                        SBOT: 09388250
                        CHARLES T. JEREMIAH
                        SBOT: 00784338

OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE,
      WILLIAMS & MARTIN
1200 Smith Street, Suite 1400
Houston, Texas  77002
(713) 654-9630
(713) 658-2553 (Fax)
ATTORNEYS FOR DEFENDANTS-MOVANTS
APPEARING *PRO HAC VICE*

OF COUNSEL:

JORDAN COYNE & SAVITS, L.L.P.

David B. Stratton, Esq.
D.C. Bar No. 413358
JORDAN COYNE & SAVITS, L.L.P.
1100 Connecticut Ave., N.W., Suite 600
Washington, D.C. 20036
(202) 496-2807
(202) 496-2800 (Fax)

LOCAL COUNSEL FOR DEFENDANTS-MOVANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served to all counsel of record by facsimile on this the 15th day of May 2008, as follows:

Reginald E. McKamie
Attorney at Law
1210 Antoine Dr., Suite 1000
Houston, Texas 77055

David B. Stratton, Esq.
Jordan, Coyne & Savits, L.L.P.
1100 Connecticut Ave., N.W., Suite 600
Washington, D.C. 20036

J. Wyndal Gordon
Law Office of J. Wyndal Gordon, P.A.
10 North Calvert Street, Suite 930
Baltimore, Maryland 21202

/s/Charles T. Jeremiah