**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TELTSCHIK,**     Plaintiff, | |
| v. | Civil Action No. 08-089 (BJR) |
| **WILLIAMS & JENSEN, PLLC,** *et al.*, | MEMORANDUM OPINION |
| Defendants. | |

This matter comes before the court upon Plaintiff Teltschik's motion for reconsideration of the Court's August 28, 2012 Memorandum Order.[1] In its Order, the Court held that Plaintiff would not be allowed to recover reputation damages for his remaining claims of negligence and breach of fiduciary duty because those claims were subsumed by his defamation claim – a claim that had already been dismissed. The Court declined to reach Defendant's broader argument that reputation damages were *never* available in an ordinary negligence action. The Court did hold, however, that "[a] plaintiff should not be permitted to recover damages for the loss of his reputation in a negligence action, when the alleged damage to his reputation was caused by a defendant's published communication and that communication was the basis of a failed defamation claim." Mem. Order at 3.

Plaintiff immediately moved for reconsideration of the Court's August 28, 2012 Order. The following day, on August 29, 2012, the Court held an interim pretrial conference, during which the parties agreed that the Court's August 28, 2012 ruling essentially dismisses this action because Plaintiff only sought reputation damages. Because trial is scheduled to begin on

---

[1] The factual background of this case has been discussed in the Court's August 28, 2012 Memorandum Order and, in even greater detail, Judge Kennedy's February 21, 2010 Memorandum Opinion, and is incorporated here.

September 14, 2012, the Court ordered an expedited briefing schedule as to Plaintiff's motion for reconsideration. With that motion now ripe for consideration, the court turns to consider the parties' arguments.[2]

Plaintiff argues that he was in a fiduciary relationship with Defendants and that it was reasonably foreseeable that the Conciliation Agreement "would damage Mr. Teltschik's reputation." Pl.'s Mot. at 4-6. The Court's August 2012 Order, however, does not call into question whether a fiduciary relationship existed between the parties or whether the reputation damages were foreseeable. Instead, the Court's August 2012 Order held that the reputation damages in this case (the only damages asserted at this point) stem from Defendant's publication of the Conciliation Agreement to a third party, and therefore the action sounds in defamation and is not properly brought as a negligence or breach of fiduciary duty. The Court further observed that Judge Kennedy had already dismissed Plaintiff's defamation claim, and that allowing Plaintiff to proceed on a theory of negligence or breach of fiduciary duty at this point would undermine the strictures of defamation law. *See* Mem. Order at 3 ("Simply put, a plaintiff should not be allowed to circumvent the parameters of defamation law by recasting his defamation claim as a negligence claim.").

Plaintiff further points out that an individual has a property interest in his or her reputation, and argues that the monetary value associated with one's reputation should be recoverable as reputation damages, even if such damages are difficult to calculate. Pl.'s Reply at 2. The Court did not and does not, however, hold that Plaintiff's reputation damages are not

---

[2] Some of Plaintiff's arguments implicitly ask this court to reconsider whether Judge Kennedy was correct in dismissing his defamation claims in the first place. *See* Pl.'s Mot. for Recons. at 4. The Court declines to revisit Judge Kennedy's 2010 ruling on this matter.

recoverable because they are difficult to calculate. Although the Court did express doubt at the interim pretrial conference that Plaintiff would be able to successfully demonstrate damage to his reputation at trial, the Court's dismissal of the case does not rest on this issue. *See generally* Mem. Order. (barring Plaintiff from presenting evidence or reputation damages because the "gist" of his claim was defamation and the defamation claim had already been dismissed). To be clear, the Court expresses no opinion as to whether or not Plaintiff could establish specific damages to his reputation.

Next, Plaintiff asserts that reputation damages are recoverable in a negligence action. This argument too is of no moment. The Court previously declined to reach Defendant's argument that reputation damages are not recoverable in a negligence or breach of fiduciary duty claim. *See* Mem. Order at 3 n.2. The Court's August 2012 Order assumed, without deciding, that reputation damages are allowed in an ordinary negligence claim. But even if reputation damages are allowed in an ordinary negligence claim, the Court held that it was inappropriate to allow Plaintiff to recover reputation damages where Plaintiff was labeling his claim as "negligence" or "breach of fiduciary duty" when, in fact, the claims were nothing more than a reincarnation of his defamation claims. *See Jorgensen v. Mass. Port Auth.,* 905 F.2d 515, 520 (1st Cir. 1990) (holding that reputation damages may be sought in an ordinary negligence action, but not in a negligence action where claim sounds in defamation).

Lastly, Plaintiff argues that "when an attorney enters an appearance without authority, the attorney is liable to the party for whom he entered his appearance for all damages occasioned thereby." Pl.'s Mot. at 6. In other words, Plaintiff seeks to fashion some sort of strict liability rule for attorneys who enter into settlements without authorization by their clients. His attempt to do so, however, is undercut by the lack of case law supporting such a proposition. *See id.*

(citing as support an isolated, out of context sentence from an 19th century case, *Fields v. Gibbs*, 9 Fed. Cas. 15 (C.C.D.N.J. 1815)). Instead, Plaintiff's allegations that Defendants entered into a Conciliation Agreement without his permission are properly analyzed as a legal malpractice suit, with the negligence standards applicable to legal malpractice claims required in the District of Columbia. *See Macktal v. Garde*, 111 F. Supp. 2d 18, 21 (D.D.C. 2000) (noting in a case involving an alleged faulty settlement that "the plaintiff must prove three things in order to recover [in a legal malpractice suit]: (1) the attorney's employment; (2) his neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the client.").

Accordingly, after thoughtful consideration of Plaintiff's motion and the related filings thereto, the Court adheres to its previous Order.[3] As a matter of law, Plaintiff's negligence and breach of fiduciary duty claims are subsumed by his defamation claim, a claim that has previously been dismissed by the Court. Because Plaintiff has recognized that such a ruling is fatal to his action as presently before the Court, the Court hereby vacates the September 11, 2012 pretrial conference and scheduled trial, and dismisses the Complaint.

September 10, 2012

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[3] The Court incorporates its August 28, 2012 Order herein.